UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Usher Kohn, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br>-v.-<br>Portfolio Recovery Associates, LLC and<br>John Does 1-25<br><br>Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Usher Kohn (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter Defendant PRA) individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings, residing at 1023 58th Street, Brooklyn, NY 11219-4427.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o their registered agent Corporation Service Company 80 State Street, Albany, NY 12207-2543.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. that have received collection attempts from Portfolio Recovery Associates, LLC, for debts originating with Synchrony Bank, while said consumers were in Disaster Areas as designated by FEMA or State Governments for debts incurred for personal, familial, or household use,

   c. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal

      issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §§ l692e,1692f.

   c. **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to April 14, 2020, an obligation was allegedly incurred to Synchrony Bank by the Plaintiff.

22. The Synchrony Bank obligation arose out of credit card transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

23. The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Sometime thereafter, Defendant PRA purportedly purchased the alleged debt and is collecting the alleged debt.

25. Defendant PRA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – April 14, 2020 Collection Letter*

26. On or about April 14, 2020, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to PRA. See Letter attached as Exhibit A.

27. Upon information and belief, PRA purchased Plaintiff's alleged debt from Synchrony Bank and the sale of this alleged debt is subject to relevant conditions that Synchrony Bank imposes on its debt purchasers.

28. Synchrony Bank contracts of sale (a/k/a Forward Flow Agreements) for defaulted debt provide specific limitation on the ability of its debt purchasers to make any collection attempts while alleged debtors are in disaster areas as determined by FEMA or any other appropriate government entity.

29. Accordingly, upon information and belief, PRA purchased Plaintiff's alleged debt from Synchrony Bank and the Forward Flow Agreements evidencing proof of sale, prohibits PRA from seeking to collect against Plaintiff's alleged debt, while Plaintiff resides in a disaster area.

30. The state of affairs in New York, and frankly the whole world, is well known. The Covid-19 pandemic has wreaked havoc across the world, the United States, and New York.

31. On March 7, 2020, Governor Cuomo declared a State of Emergency across the entire State.

32. On March 13, 2020, President Donald Trump declared a nationwide emergency, including for the State of New York, as recognized by the Federal Register.

33. Despite the fact that Plaintiff clearly resided in a disaster area in April 2020, PRA pursued collection activities by sending collection letters to Plaintiff.

34. Given the express conditions of sale, PRA misrepresented its ability to collect Plaintiff's debt by sending collection letters in April 2020. Accordingly, PRA has violated the FDCPA.

35. Plaintiff incurred an injury because the Defendant deceptively pursued collection activities at a time when it had no ability to collect the alleged debt.

36. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

37. Plaintiff incorporates by reference paragraphs 1-36 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, e(2), e(5), e(10), and f.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Usher Kohn, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 13, 2021

Respectfully Submitted,

/s/ Raphael Deutsch
By:  Raphael Deutsch, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) rdeutsch@steinsakslegal.com
*Attorneys For Plaintiff*